141 So. 847

REED v. EUREKA HOMESTEAD SOC.

No. 31397.

April 25, 1932.

Marion C. Seeber, of New Orleans (Joseph Rosenberg, of New Orleans, of counsel), for appellant.

McCloskey & Benedict, of New Orleans, for appellee.

LAND, J.

Plaintiff alleges that she subscribed to 40 shares of running stock in the Eureka Homestead Society; that defendant society issued to plaintiff a certain book in which all deposits were entered of moneys paid by plaintiff to the society; that plaintiff made deposits at various intervals; but that the society had a dishonest person in its employ, who made false entries of withdrawals in the book; and that plaintiff "has calculated that she should have on deposit in said Eureka Homestead Society an amount estimated at $2,318.90 and compound interest accumulated thereon; that said book shows a balance of $517.44."

Plaintiff prays for judgment in the sum of $2,318.90, "together with all compound interest accrued thereon," or in such amount as the court may determine to be proper, after a true and accurate accounting.

The Eureka Homestead Society, in its answer, alleges that plaintiff deposited and withdrew at different times various and sundry amounts, as shown by her passbook; that plaintiff's father had a deposit with the society of $978.35, which had been transferred to plaintiff's book or account; and that plaintiff and her father, each with the knowledge of the other, withdrew various amounts from plaintiff's passbook, until only a credit balance of $517.44 was left; and "that this is the just and accurate amount due and owing to plaintiff."

Considering the allegations of the petition, and the admissions of the answer, it is clear that the only amount in dispute is the difference between $2,318.90, demanded by plaintiff in her petition, and the sum of $517.44, admitted by defendant society in its answer to be due plaintiff, or the sum of $1,801.46.

We have appellate jurisdiction only when the amount in dispute, or the fund to be distributed, shall exceed $2,000 exclusive of interest. Const. 1921, art. 7, § 10.

Reference was made in oral argument to dividends due by defendant society; but plaintiff has not claimed such dividends, either by allegation in her petition, or in her prayer for judgment. Manifestly, the claim of plaintiff in her petition for "compound interest" cannot be allowed to increase the amount demanded by plaintiff so as to confer appellate jurisdiction upon this court in this particular case.

It is therefore ordered that this case be transferred to the Court of Appeal for the parish of Orleans, within thirty days from the date when the decree herein shall have become final, and, in default thereof, that this appeal be dismissed.

It is further ordered that plaintiff (appellant) pay the costs of this appeal.